FILED
EC AUG - 6 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

United States District Court

Northern District of Illinois

Timothy B. Fredrickson, et al.,

    Plaintiffs,

vs.

Metropolitan Correctional Center, et al.,

    Defendants.

Case No. 18-CV-4637

Judge John J. Tharp

## MOTION FOR RECONSIDERATION

Now comes the Plaintiff and Class Representative, Tim Fredrickson, pro se, respectfully requesting that this honorable court reconsider and: 1) Review the original complaint's sufficiency in light of it's affidavits that were incorporated by reference; 2) Reassess the qualifications for adequate Pro Se Class representation; 3) Certify the proposed class; 4) Assign counsel to the plaintiffs until such time as counsel of choice enters an appearance. 5) Nullify the implied order that all members of the proposed class file IFP.

Wherefore, in support of this request, the Plaintiff states:

1) That to require all members of a class, known and unknown, to file IFP is neither feasible nor a requirement of Civil Rule 23.

2) That Local Rule 81.1 (N.D.ILL) does not apply to the original complaint, designated as a class complaint.

3) The original complaint is a sufficient class complaint.

4) That Class representative Tim Fredrickson has met, and is able to continue to meet the signing requirement of Rule 11(a).

5) That the signing requirement of Rule 11(a) will be much easier to comply with after counsel enters an appearance.

6) That the plaintiffs have requested Class Counsel pursuant to Rule 23(g), which was designed -in part- to address this concern.

7) That this Honorable Court should appoint counsel for the same, pursuant to standard Civil discretion based on the complexity of a case, which is separate and distinct from Rule 23(g).

8) That until such time, the signing requirement of Rule 11(a) applies only to the Plaintiff Representatives, and not the parties in the class they represent, as to require all (800+) members of a class, known and unknown, to sign documents is neither feasible nor a requirement of Rule 23.

9) That class representative Tim Fredrickson is able to exceed the adequacy requirements of 23(a)(4).

## INTRODUCTION

On 07/06/2018, this Honorable Court Dismissed Plaintiff Crawford as a plaintiff, leaving only Plaintiff Fredrickson; reason being that the complaint was not sufficient to attain Class Certification, and did not satisfy the requirements of Local Rule 81.1. The Court was also concerned that the plaintiffs would not be able to continue to meet the signing requirements mandated by Rule 11(a).

Plaintiffs now respond with a motion to reconsider. The local Rule 81.1 is void as applied to class complaints. The requirement for either prepayment of fees or application to proceed in forma pauperis differs between Joint litigation

under Rule 20 and Joint Class Representation under Rule 23.

## MEMORANDUM

When determining whether to certify a class, the court must first find that the plaintiff(s) meet the requirements of Federal Rule of Civil Procedure 23(a), which are whether:

1) The class is so numerous that joinder of all members is impracticable (Numerosity);

2) There are questions of law or fact common to the class (Commonality);

3) The claims or defenses of the representative parties are typical of the claims or defenses of the class (Typicality); and

4) The representative parties will fairly and adequately protect the interests of the class (Adequacy of representation).

The standard governing motions for reconsideration:
" ' Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the 7thCircuit apply Rule 59(e) or Rule 60(b) standards to these motions'(Washington v. Zimmerman, no.14-cv-1862-twp-dml, Lexis124652, 7thCir, Sep-14-2016). Rule 59(e) allows a court to alter or amend a judgement if the party files the motion 'no later than 28 days after the entry of the judgement'. Rule 60(b) allows a court to relive a party of its obligations under a judgement, order, or proceeding for five enumerated reasons as well as for 'any other reason that justifies relief'; under Rule 60(c), a party may file a Rule 60(b)

motion within a reasonable time, as long as it is no more than a year after entry of the judgement or order"(Brown v. Foster, Lexis31383, 7thCir, Feb-27-2018).

Pleading sufficient facts to support a federal cause of action:

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than 'labels and conclusions'. Threadbare or 'formulaic recitations of the elements of a cause of action' supported by mere conclusory statements, will not suffice. For example 'I (we) have been subjected to deliberate indifference in my (our) medical needs' and 'I (we) have been incarcerated in a punishing way without due process of law' are legal conclusions, devoid of any facts showing how plaintiff's rights were allegedly violated. "Any exhibits plaintiff wants the court to consider in its threshold review of the amended complaint must be attached"(Guzman-Rivadeneira v. Homeland, Lexis111303, july-8-2015, 7thCir).

ARGUMENT

Adequacy of representation

    The plaintiffs construe the courts estimation, of insufficiency of adequate prospective representation, as relating to prong 4 of Rule 23(a). However the court has made no inquiry into the Plaintiffs' ability to fairly and adequately protect the interests of the Class, instead the Court takes issue with Pro Se <u>inmates</u> (as opposed to pro se individuals 'on the street') acting as representatives; This

is presumably due to restricted access to law materials; but to deny class certification on this ground, is to concede that inmates (specifically PreTrial detainees) have inadequate access to law materials and thus access to the courts. A ground ironically raised in the complaint, as to meet this demand, plaintiffs have denied others of access for the common and greater good of the class.

More to the point, if an inmate cannot fairly and adequately protect the interests of his class (of which he is a part), how can that same defendant then be allowed to litigate in his own stead? A plaintiff is either capable of defending himself (and thus his class too), or he is per se incapable and thus it is encumbant upon the court to appoint counsel, else the court itself deny access to the courts. To represent himself is to represent his class.
(The Federal Rules permit class actions to be maintained if the class representative(s) (in this case Pro Se Plaintiff Tim Fredrickson) "will fairly and adequately protect the interests of the class" (Fed.R.Civ.P.23(a)(4)).

The court first rely on the 4th circuit case OXENDINE, however that court relied on a rudimentary assessment of 23(a)(4) in holding that "unless [the plaintiff] can 'fairly and adequately protect the interest of the class' [the plaintiff] may not represent it". This court has made no such inquiry, and has not assigned class counsel as required under subsection (g), which would be an important factor in such an inquiry. Similarly, the 7th circuit decision in POLLARD failed

to undertake an analysis of 23(a)(4), instead the POLLARD court relied on the fact that the plaintiffs did not make an attempt to attain counsel, and "because the petitioners did not establish that the denial of class certification [would] signal[] the death knell of their action'(Pollard@478)

The instant plaintiffs do not make either mistake. First, the representatives have reached out to preferred counsel, and upon receiving the case number, have also reached out to the ACLU, Illinois CURE, and the Northwestern University School of Law.
Second, the denial of class certification WOULD sound the death knell of a majority of the instant case. While severely crippled and able to move on in part, class denial will prove fatal. (all injunctive relief is moot upon moving or release without the ability to 'relate back' provided by class certification, or the concurrent standing that the other members would perpetually have). See Blair v. Equifax, 181 F.3d 832 @834, 7thApp, may-20-1999("After class certification was denied, the plaintiff sought permission to appeal under Rule 23(f); although the remaining plaintiff has only a small stake, counsel pursued the case in the district court while [the appellate court] decided whether to entertain the appeal, and before the subject could be argued...the district court granted summary judgement for the defendant. That plaintiff [then] appealed on the merits and [sought] to revive the class to boot. MANY OTHER CASES PROCEED SIMILARLY.". The court's reliance on NOCULA is in error, as it's central holding involves a corporation's inability to operate pro se, and an

individual not admitted to the bar attempting to litigate on it's behalf, as such, NOCULA is inapposite. Much more appropriate would be the court's ability to easily de-certify the class later. The court in PARDONS failed to address the commonality, typicality, and adequacy requirements; the PARDONS plaintiff also failed to state a valid relief and claim. The instant plaintiffs suffer from neither defect, as the instant plaintiffs submitted a comprehensive brief/memorandum on the commonality, typicality, and adequacy requirements of Rule 23 and how it applies; similarly the instant complaint also DOES state both a valid claim and relief. This Lawsuit therefore not only may proceed as a class action, but is the most appropriate course of action. While specific claims against specific defendants may not have been in the complaint, they were in the affidavits.

Joint Plaintiff vs Commonality of Claims

This Honorable Court does not belive that joinder under Rule 20 would be appropriate, and it is correct, as this suit should proceed under Rule 23 as a Class Action, however the court has not engaged in the propriety of Class Certification as dictated by Rule 23(a).

The Court instead continues an analysis under the improper Rule 20, in effect asserting that this lawsuit should not proceed as a joint (non-class) action for several reasons. The first in the complaint's failure to make specific claims against any of the defendants. However the complaint was accompanied by two affidavits to elaborate on, and satisfy the basic nessesities of a cause of action (i.e. the Who, Where,

When, How). Furthermore, as the court has recognized, the Plaintiffs' Class's violations as brought in this complaint are generalized and systemic, to address the common violations underneath the individual yet common constitutional violations.

The court purports to divide this class action by encouraging it's division into 500+ separate suits... Such would strike a massive blow to judicial economy, and inflict a heavy toll on judicial economy with redundant litigation repeated approximately 500 times while multiplyioing the necessary court dates and appearances by approximately 500, The very evil that class actions were ment to prevent; Like in Meisner "in its analysis, the district court overlooked that the 'commonality' analysis for class actions (See Fed.R.Civ.P. 23(a)(2)), is not coextensive with Federal Rule of Civil Procedure 20(a)(1), which governs joinder of plaintiff (See Lee v. Cook County, 635 F.3d 969@971, 7thApp 2011)"(Goodvine v. Meisner, 608 Fed.Appx. 415@418, 7thApp 2015).

Although the proposed representitives' rights may (or may not) have been violated in precisely the same way or even on the very same days for some of the claims; The entire class attributes their injuries to the same policies, traditions, conditions, actions, inactions, and other constitutional injuries by the same defendants, and while even if occurring in different degrees, all arise from the same basic violations; Hence this class action. The common questions do predominate. More to the point, the class complaint's factual allegations are to be assessed in the light most favorable to

the plaintiff, drawing all reasonable inferences in favor of the plaintiff for the purposes of screening and merit review. At the present stage of litigation, the class complaint and incorporated documents sufficiently state that the plaintiffs' class has suffered constitutional injury, and how the defendants facilitated it. (See Stafford v. Carter, no17-289, feb-21-2018, 7thCir: Class action appropriate because prison policy common to all inmates).

The Court also takes issue with the vast quantity of defendants listed, however the defendants are sued in both individual and official capacities. The official capacity, while redundant (as a suit in the official capacity is in actuality a suit against the municipality they work for), is necessary to maintain the suit in each of the defendant's individual capacities in the event that the municipality cannot pay. Such is also useful to track the 'individual damage' portion of the trial (known as BiFurication or Divergence) which in a Bifuricated or Trifuricated trial, comes after the the liability phase wherein the court and jury decide the factual allegations that are fundamental and common to the suit.

## The Court's Required Forms - Local Rule 81.1

Local Rule 81.1 is unequivacably one of form over substance. The plaintiffs are saved by Federal Rules of Civil Procedure 5(d)(4) and 83(a)(1)/(2), which cumulatively provide that an action is "commenced" when the complaint is filed, even if some local rules purport to require additional acts.

An action is commenced under Rule 3 by the fileing of a complaint, even if the complaint (or any accompanying paper(s)) fails to comply with local court rules (Fed.R.Civ.P 5(d0(4) "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule,"; see e.g. Loya v. Desert Sands, 721 F.2d 279 @281 9thCir 1983: For the purposes of statute of limitations, complaint that arrives in custody of clerk within statutory period should be regarded as filed, even if it fails to conform with formal requirements mandated by local rules). Once again, the result could not be otherwise. Local rules may not contradict the provisions of the Federal Rules of Civil Procedure unless those rules authorize contrary local rules (see F.R.Civ.P. 83(a)(1)). Furthermore, local rules imposing requirements of form may not be used to defeat any substantive rights, except when the failure to comply is willful(Fed.R.Civ.P 83 (a)(2)). The court has requested that a new complaint be filed, written on the Northern District's Official Complaint form, however, the instant class complaint meets all the required criteria of a complaint, application for class status and furthermore was drafted with a digitally reproduced copy of the official form; Any excess documents are simply 'acompanying' or "attactched papers to the end of the complaint". The requirement to use the official forms without deviation, would deny access to the courts, as all class actions would be precluded (since there is no class complaint form). This is a clear and egrigiuos violation of the Due Process clause of the 5th Amendment; moreover, the local rule also applies to members of the bar, effectively restricting

access to the courts.

## In forma pauperis

The requirement for either prepayment of fees or application to proceed in forma pauperis differs between Joint litigation under Rule 20 and Joint <u>Class Representation</u> under Rule 23; The latter's "Joint" nature being coincidental in the instant case, having similarity in name, but not effect.

IFP for all plaintiffs seems to be required for Rule 20, and not Rule 23; an alternate interpretation would require all members in any prospective class action to either pay fees or submit IFP. The falsity of this requirement is made apparent when examining class actions whose members exceed, for example, 500 persons; as the paperwork from 500 IFP applications would clog the courts, as well as make that particular court clerk's day very sad. Furthermore, when members 'opt in' to the class suit (as required later), such fee collection and steady influx of IFPs would slow the court down to a grinding halt. Simalerly, to apply the same to only the representatives in class actions, is to require more than one IFP (one per representative) which would serve to limit the number of representatives in a class suit (coincidentally kept to a minimum for publicity).

## Rule 11(a)

The plaintiffs address this point last, for close physical proximity to its subject matter on paper. This

Honorable Court, has struck Plaintiff Crawford, and until such time that he is requested to be added (or counsel appears), the plaintiff Tim Fredrickson's signature is all that is required. It was this court's honorable wisdom that such dismissal, without prejudice, was meant to benefit the plaintiffs and their class with easier compliance, and the plaintiffs thank this Honorable court for bringing such to our collective attention.

Dated: July 27 2018 /s/ Tim Fredrickson

In the alternative, The Plantiff requests and extention.

Tim Fredrickson #22005026
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, IL. 60605

2018 AUG -6 AM 9:08



08/06/2018-6

Everett McKinley Dirksen
United States Courthouse
219 South Dearborn Street, 20th Floor
Chicago, IL. 60604

Legal mail

LEGAL MAIL

METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN STREET
CHICAGO, IL 60605

The enclosed letter was processed through special mailing procedures for forwarding to you. This letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the materiel for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

Date: 7/29/2018