## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Timothy B. Fredrickson (#22005-026), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 4637 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Metropolitan Correctional Center, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

    Plaintiff's renewed motion for leave to proceed *in forma pauperis* [6] is granted. The initial filing fee is waived. The Court orders the trust fund officer at Plaintiff's place of incarceration to make monthly deductions from Plaintiff's trust fund account in accordance with this order. However, the original complaint remains dismissed and summonses shall not issue. Plaintiff's motion for reconsideration [7] is denied. Plaintiff's request for additional time to submit an amended complaint is granted. Plaintiff has until September 10, 2018 to submit an amended complaint consistent with the Court's previous order. Failure to submit an amended complaint by this date will result in summary dismissal of this lawsuit. The Clerk of Court is directed to (1) electronically send a copy of this order to the trust fund officer at the Metropolitan Correctional Center and (2) send Plaintiff an amended civil rights complaint form and a copy of this order.

### STATEMENT

    Plaintiff Timothy B. Fredrickson and Jason A. Crawford, inmates at the Metropolitan Correctional Center (MCC), brought this action *pro se* under 42 U.S.C. § 1983 concerning a myriad of complaints about their experience at the MCC. *See* Dkt. 1. The case was brought as a putative class action. Crawford was dismissed as a party in this action and the compliant was dismissed without prejudice to the submission by Plaintiff Fredrickson of an amended complaint. Plaintiff Fredrickson was also ordered to submit a renewed application for leave to proceed *in forma pauperis*. Plaintiff has submitted a new application for leave to proceed *in forma pauperis* and a motion for reconsideration.

    Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. According to the statement submitted with the *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing

fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Plaintiff's motion for reconsideration is denied. Plaintiff argues that the original complaint should have been allowed to go forward and that the matter should be allowed to proceed as a class action. Plaintiff's arguments are meritless.

First, as fully set forth in the previous order, Plaintiff's original complaint failed to give any of the thirty-two Defendants sufficient notice of the claims against him/her. A complaint must give a defendant adequate notice of the claim(s) against him or her; a defendant is not required, as Plaintiff asserts, to "interpret" a complaint to divine what claims are being asserted against him or her.

Second, as to the issue of a *pro se* prisoner class action – Plaintiff remains unqualified to prosecute claims on behalf of a class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (concluding that it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action); *see also Howard v. Pollard*, 814 F.3d 476 (7th Cir. 2015) (affirming denial of class certification because plaintiff-prisoners were proceeding *pro se*); *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) (explaining that *pro se* litigant may not represent interests of other individuals); *McGrew v. Tex. Bd. of Pardons & Parole*, 47 F.3d 158, 162 (5th Cir. 1995) (observing that because plaintiff "is proceeding *pro se* and his own complaint failed to state a cause of action, his ability to serve as an adequate representative of the class is dubious"). As such, there is no need to analyze all of the Rule 23 requirements for class certification. That said, at present there is no basis for the Court to conclude that the claims of putative class members are susceptible to common resolution. Accordingly, the Court is not going to *sua sponte* recruit class counsel on Plaintiff's behalf and Plaintiff's filings to date demonstrate that he can proceed on his individual claims without the assistance of counsel. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014); *see also Russell v. Bukowski*, 608 F. App'x 426, 428 (7th Cir. 2015) ("[B]efore a district court is required to consider recruiting counsel to assist a litigant in a civil case, the litigant must make a reasonable attempt to secure counsel for himself.").

Plaintiff also seeks additional time to submit his amended complaint should his motion for reconsideration be denied. Plaintiff's request for additional time to submit an amended complaint is granted. Any amended complaint must be filed on or before September 10, 2018. Absent timely filing, the case will be dismissed.

Date:  8/13/18                                      /s/ John J. Tharp, Jr.

2